IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:06cr293 |
| v. | § | |
| | § | |
| BENITO LOPEZ | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Brian Keith Maynard's "Petition on Hearing of the Adjudication" (Dkt. 42) and the Government's Motion to Strike or Dismiss Pleading Captioned "Petition on Hearing of th Adjudication" for Lack of Standing (Dkt. 57). After considering the evidence and the arguments of counsel at the July 1, 2008 hearing, the Court finds that the Government's Motion to Strike and Dismiss the Petition should be GRANTED and Maynard's claim should be DENIED.

In his pleading, Maynard appears to assert a interest in property forfeited to the Government in this criminal case against Benito Lopez. To successfully prevail in asserting a third party interest in forfeited property, Maynard must show that he has a legal right, title, or interest in the property and that such right vested in him was superior to any right of the defendant at the time of the commission of the acts giving rise to the forfeiture. 21 U.S.C. § 853(n)(6)(A). The forfeiture statute mandates a superior interest in that property. *United States v. Corpus,* 491 F.3d 205, 209 (5th Cir. 2007); *see generally United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir. 1988) ("Such a *superior* interest would clearly be one in the nature of a lien, mortgage, recorded security device, constructive trust, valid assignment, or the like.").

Here, Maynard failed to provide the Court with any evidence of any interest in the forfeited property whatsoever. Indeed, despite being sent notice of the hearing on his motion by the Court and being sent a copy of the Government's motion to strike, Maynard failed to appear at the hearing on this matter or otherwise notify the Court regarding the hearing setting. The record indicates that all notices and motions have been sent to his last known address, as submitted to the Court by Maynard.

Moreover, at the hearing before the Court, Defendant Lopez testified under oath that he did not know of a person named Brian Maynard or B. Keith Maynard and did not transfer any interest in the forfeited property to or receive any interest in the forfeited property from a person known as Brian Maynard or B. Keith Maynard. Having heard the evidence presented, the Court finds that there has been no showing by Maynard of any interest, not to mention any superior interest, in the property forfeited in this matter. Therefore, the claim should be denied for lack of standing.

## RECOMMENDATION

The Court recommends that the District GRANT the Government's Motion to Strike or Dismiss Pleading Captioned "Petition on Hearing of th Adjudication" for Lack of Standing (Dkt. 57) and DENY B. Keith Maynard's "Petition on Hearing of the Adjudication" (Dkt. 42).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE